IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


ROGER ROEDEL,

          Petitioner,

       v.                    CASE NO.  15-3120-SAC

COFFEY COUNTY JAIL,

          Respondent.


## MEMORANDUM AND ORDER

This matter comes before the court on a petition for a writ of habeas corpus under 28 U.S.C. § 2241, filed pro se by petitioner while confined as a pretrial detainee in the Coffey County Jail in Burlington, Kansas.  Petitioner's motion for leave to proceed in forma pauperis without prepayment of the $5.00 filing fee in this habeas corpus action is granted.

## BACKGROUND AND CLAIMS

Petitioner cites his arrest on January 20, 2015, and claims he was held for 11 days before criminal charges were filed against him in Coffey County Case No. 15CR31, before bond was set, and before counsel was appointed.  Petitioner contends this delay violated his constitutional right to due process, and states his bond has been set too high given his financial

1

resources.   Petitioner claims little action has been taken in his Coffey County case, and references a motion to dismiss he has filed or is trying to file in that case.  He also claims the Coffey County Attorney is abusing the judicial system in order to achieve goals in violation of petitioner's rights.

On these claims petitioner filed the instant habeas action seeking his immediate release and dismissal of his Coffey County charges.   The Coffey County Jail is named as the sole respondent.   He also seeks damages for the alleged violation of his constitutional rights, and to compensate him for his alleged illegal confinement.

## DISCUSSION

Having carefully reviewed the record with a liberal reading of petitioner's pro se pleadings, *Ledbetter v. City of Topeka*, Kan., 318 F.3d 1183, 1187 (10th Cir.2003), the court finds the petition is subject to being summarily dismissed for the following reasons.

"Habeas corpus review is available under § 2241 if one is 'in custody in violation of the Constitution or laws or treaties of the United States.'"  *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir.1997)(quoting § 2241(c)(3)). Because it appears from the sparse record before the court that petitioner is a pretrial detainee with pending state criminal charges

against him, his petition for habeas corpus relief under § 2241 is appropriate. *See Walck v. Edmondson*, 472 U.S. F.3d 1227 (10th Cir.2007)(the general grant of habeas authority set forth in 28 U.S.C. § 2241 applies to challenges involving pretrial detention of a state court defendant); *Yellowbear v. Wyoming Attorney General,* 525 F.3d 921, 924 (10th Cir.2008)(pretrial detention can be challenged through a habeas petition brought under 28 U.S.C. § 2241).

### No exhaustion of state court remedies

Petitioner's attempt to seek federal habeas corpus relief is premature. A petitioner's exhaustion of other available remedies is a prerequisite to seeking federal habeas corpus relief. *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir.2010). Here petitioner cites no resort to available remedies in the state district or appellate courts, and there is nothing in the information provided to suggest that petitioner has pursued such remedies. The petition should therefore be dismissed without prejudice.

### Abstention doctrine bars federal intervention

Likewise, the abstention doctrine precludes this court's intervention in petitioner's pending criminal action. In *Younger v. Harris*, the Supreme Court held that federal courts generally should not intervene in state criminal prosecutions

begun before institution of a federal suit in which the state court defendant seeks an order enjoining the state court from proceeding with the action against him. A federal court should abstain from enjoining such state prosecutions if the state court proceedings: (1) are ongoing, (2) offer an adequate forum to hear the plaintiff's federal claims, and (3) implicate important state interests. *Id.* at 43; *see Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 432 (1982). These three conditions are met in this case.

Petitioner makes clear that his state criminal proceeding is ongoing. The prosecution of a person accused of violating state law implicates an important state interest. *See, e.g., Hicks v. Miranda*, 422 U.S. 332, 349 (1975) (invoking *Younger* abstention in a case involving a pending state criminal prosecution, noting that the doctrine permits state courts to try state cases without a federal court's interference). And the Kansas courts provide petitioner with an adequate opportunity to present his federal constitutional claims, such as petitioner's challenge to the legality of the search and seizure of his property.

To avoid application of the abstention doctrine, petitioner must demonstrate "harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid

conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971); *see Younger v. Harris*, 401 U.S. at 54 (recognizing an exception when the claimant shows "bad faith, harassment, or any other unusual circumstance that would call for equitable relief"). Notwithstanding petitioner's bare conclusory claim that the Coffey County prosecutor is abusing the judicial system in order to achieve improper results, the record discloses no factual allegations suggesting that petitioner would suffer irreparable injury if the state court proceedings were allowed to go forward, or that criminal charges were brought by the prosecutor with no hope of a valid conviction merely to harass him. The court thus finds that all the *Younger* abstention conditions are satisfied in this case, and that the petition should be dismissed without prejudice.

### *Additional Considerations*

The court also identifies additional problems presented in the § 2241 petition.

First, petitioner has not named a proper respondent. The Coffey County Jail is not a legal entity that can be sued. *See Aston v. Cunningham*, 216 F.3d 1086, 2000 WL 796086 at *4 n. 3 (10th Cir.2000) (unpublished)("a detention facility is not a person or legally created entity capable of being sued").

Instead, petitioner must name the *person* having custody over him, 28 U.S.C. § 2242, such as the Coffey County Sheriff.

Second, monetary damages are not recoverable in a habeas action. *McIntosh*, 115 F.3d at 812. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a civil cause of action seeking damages for the alleged violation of a prisoner's rights under the United States Constitution or laws of the United States is premature if an award for the plaintiff would necessarily imply the invalidity of a conviction or sentence through a direct appeal, order of expungement, decree of collateral relief, or writ of habeas corpus. *Id.*, 512 U.S. at 486-87. *Heck* applies when a damage award would imply the invalidity of pretrial detention, as well as a conviction or sentence. *See e.g. Cohen v. Clemens*, 321 Fed.Appx. 739, 742 (10th Cir.2009)(unpublished) (applying *Heck* to civil claim involving pretrial detention).

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner's motion for leave to proceed in forma pauperis (Doc. 2) in this habeas corpus action is granted, and that petitioner's motion for appointment of counsel (Doc. 4) is denied without prejudice.

**IT IS FURTHER ORDERED** that the petition is dismissed without prejudice.

**IT IS SO ORDERED.**

Dated in Topeka, Kansas on this 29th day of July, 2015.


s/  Sam A. Crow
**SAM A. CROW**
**U.S. Senior District Judge**